**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFFREY MARSHALL ALSBORG, | No. 12-55248 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-5144-DSF (AGR) |
| v. | MEMORANDUM[*] |
| GARY SWARTHOUT, Warden, *et al.*, | |
| Respondent - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Court Judge, Presiding

Argued and Submitted on June 8, 2016.
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and BENNETT, Senior

District Judge.[**]

Petitioner Jeffrey Alsborg was tried in 2001 for the murder of his much

older lover, Alexander Campbell, in 1998. The coroner determined that Campbell

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

died from "asphyxia associated with neck trauma." Alsborg contended that Campbell's death was natural or accidental during sex. The jurors found Alsborg not guilty of first-degree murder, but guilty of second-degree murder. Alsborg was sentenced to fifteen years to life in prison. The state courts denied Alsborg's direct appeals[1] and his petition for *habeas corpus* relief. The United States District Court for the Central District of California denied both Alsborg's *habeas* petition pursuant to 28 U.S.C. § 2254 and a certificate of appealability. We granted a certificate of appealability on the three issues that we consider, below. We affirm.

1. Alsborg contends that there was insufficient evidence to support his conviction. We conclude that the California Court of Appeal did not unreasonably apply *Jackson v. Virginia*, 443 U.S. 307 (1979), in rejecting that claim. A "rational trier of fact could have found the essential elements of the crime [of second-degree murder] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The evidence supporting the conviction included the coroner's testimony that Campbell died of asphyxiation by strangulation, not accidently from erotic asphyxiation during sex; that the kind of sexual encounter that Alsborg described would not have caused

---

[1] *See People v. Alsborg*, No. B151403, 2004 WL 2439529 (Cal. Ct. App. Nov. 2, 2004) (*Alsborg I*) (rejecting Alsborg's sufficiency of the evidence appeal); *People v. Alsborg*, No. B176753, 2006 WL 147544 (Cal. Ct. App. Jan. 20, 2006) (*Alsborg II*) (affirming denial of Alsborg's requests for experts and a new trial).

Campbell's death; and that Alsborg had a financial motive to kill Campbell,[2] including evidence that Alsborg was a beneficiary of Campbell's IRA, brokerage account, and estate, and used his credit cards to make purchases and take trips after his death. The California Court of Appeal also reasonably determined that Alsborg's testimony about having sex with Campbell the night that he died was not credible because Alsborg did not mention a sexual encounter until months into the investigation of Campbell's death. Finally, contrary to Alsborg's argument, second-degree murder requires killing "unlawfully and intentionally," but the "intent to kill" need not be "formed after premeditation and deliberation." *People v. Gonzalez*, 278 P.3d 1242, 1251 (Cal. 2012). Here, death by strangulation, for which there was sufficient evidence, "is indicative of at least a deliberate intent to kill." *People v. Hernandez*, 763 P.2d 1289 (Cal. 1988).

    **2.**     Alsborg contends that the state trial court's refusal to appoint defense experts on his motion for a new trial violated his constitutional right to due

---

[2] The jury's rejection of first-degree murder was not a rejection of "financial gain" as a motive for second-degree murder, as Alsborg contends. The jury never reached the "financial gain" special circumstance, because they did not find first-degree murder. *See* CAL. PENAL CODE § 190.4(a). There was sufficient evidence of "financial gain" as a motive for murder, however. *See, e.g., People v. Samuels*, 113 P.3d 1125, 1136 (Cal. 2005).

process.  We conclude that the California Court of Appeal did not unreasonably apply Supreme Court law or unreasonably determine facts in rejecting that claim.

First, assuming, *arguendo*, that *Ake v. Oklahoma*, 470 U.S. 68 (1985), applies to non-psychiatric experts, the proper test under *Ake* is whether the defendant has shown that appointment of the expert is necessary to address a disputed issue.  470 U.S. at 74.  The state courts did not unreasonably apply *Ake* by reasoning that Alsborg's showing of "need," in this case, depended upon whether his underlying ineffective assistance of counsel claim could be resolved on the first prong of the analysis under *Strickland v. Washington*, 466 U.S. 668 (1984), without experts.

Second, the state courts did not unreasonably apply *Strickland*.  They correctly determined Alsborg had not made a sufficient showing of need for the appointment of experts.  Trial counsel had identified problems with the testimony of the experts that he had consulted, including inconsistencies with other evidence, such as Alsborg's testimony; the speculative nature of their opinions based on statistics; their opinions that they could not "exclude" natural or accidental death, rather than opinions that Campbell's death was natural or accidental; and credibility problems.  Here, even if the gambit of generating reasonable doubt through the coroner's concessions on cross-examination ultimately failed, it was

4

reasonable for trial counsel to decide not to call his own experts. Trial counsel succeeded in getting the coroner to concede that it was possible that Campbell's death was natural or accidental during "rough sex," possibly aggravated by heart problems or heavy drinking, which encompassed Alsborg's theory of the case. *See Harrington v. Richter*, 562 U.S. 86, 111 (2011) ("In many instances cross-examination will be sufficient to expose defects in an expert's presentation.").

3. Finally, Alsborg contends that his trial counsel rendered ineffective assistance by failing to adequately investigate and prepare for trial. Federal review of this claim must be "doubly deferential." *Daire v. Lattimore*, 818 F.3d 454, 463 (9th Cir. 2016). Here, we conclude that there are reasonable arguments that Alsborg's trial counsel's failure to further investigate or call experts did not qualify as ineffective assistance under *Strickland's* deferential standard, as set out in the analysis of Alsborg's second claim of failure to appoint experts. Alsborg argues that using his expert cardiologist's report only in cross-examination of the coroner and other choices by his trial counsel "backfired." It is improper, however, "to 'conclude that a particular act or omission of counsel was unreasonable' simply because the defense was ultimately unsuccessful." *Gallegos v. Ryan*, 820 F.3d 1013, 1025 (9th Cir. 2016) (quoting *Strickland*, 466 U.S. at 689); *see also Richter*, 562 U.S. at 111 (cross-examination may suffice to challenge an expert). Nor did

5

the state courts unreasonably reject Alsborg's claim of *Strickland* "prejudice." Alsborg cannot show a reasonable probability that counsel's performance deprived him of "a trial whose result is reliable," *Strickland*, 466 U.S. at 687, in light of the jury's rejection of similar arguments of natural or accidental death and other evidence of Alsborg's guilt.

Alsborg cannot show that the state courts unreasonably rejected his claim that he was prejudiced by trial counsel's failure to distinguish "rough sex" from "erotic asphyxiation," where Alsborg testified to the conduct at issue in his alleged sexual encounter with Campbell, and the coroner testified that the sexual encounter that Alsborg described would not have caused Campbell's death. Finally, the neighbor's testimony about Alsborg and Campbell's relationship, which trial counsel did not offer, is a far cry from alibi or other evidence so detrimental to the state's version of events or so supportive of Alsborg's that there is any reasonable probability that the outcome of the case would have been different if the jury had heard it.

**AFFIRMED.**